```
IN THE UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Samuel Leroy Smith,<br>Sarah Ann Phillips Smith,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>Progressive Insurance Company,<br>State Farm,<br>Nationwide Mutual Insurance Company,<br>Carl Nicholas Walker,<br>Laketia Natisha Boyd,<br>Lucille B. Walker,<br><br>　　　　　　　Defendants. | C/A No. 1:17-cv-01767-HMH-KFM<br><br><br><br>**REPORT AND RECOMMENDATION** |

The plaintiffs, proceeding *pro se*, file this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint is subject to summary dismissal.

## **BACKGROUND**

In the complaint, the plaintiffs allege that they were in a car accident on July 15, 2014 (doc. 1 at 3). They assert that the other driver was at fault and that they were seriously injured in the accident (*id.*). The plaintiffs state that their car was destroyed, and they had to use their retirement savings to replace it (*id.* at 4). They contend that they continue to suffer physical ailments related to the accident (*id.* at 5).

The plaintiffs seek $250,000,000 for each plaintiff in compensatory damages and an unnamed amount in punitive damages (*id.*). They also request all court costs and fees, attorney fees, medical expenses, and continuous medical expenses (*id.*).

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review the complaint for relief and submit findings and recommendations to the District Court. The plaintiffs filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As *pro se* litigants, the plaintiffs' pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiffs could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiffs' legal arguments for them, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**DISCUSSION**

If a plaintiff's complaint raises a federal question, then this Court may have subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331. A federal question relates to an action "arising under the Constitution, laws, or treaties of the United States." *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006) (internal quotation marks and citation omitted); *see also In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998) (holding that federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute."); *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 453 (4th Cir. 2012) ("[S]ubject matter jurisdiction relates to a federal court's *power* to hear a case . . . and that power is generally conferred by the basic statutory grants of subject matter jurisdiction.").

Here, the plaintiffs do not allege a violation of the United States Constitution or any federal law. In the complaint, the plaintiffs allege that they suffered monetary loss as a result of a car accident. The plaintiffs have attached documents from Nationwide Mutual Insurance Company, Progressive Casualty Insurance Company, and State Farm Fire and Casualty Company informing them of the status of their case, relaying the relevant statute of limitations, requesting documents required from the plaintiffs, and informing them that their case has been closed because the statute of limitations expired (docs. 1-2, 11-1). There is no federal question jurisdiction over this action. Nor is diversity of citizenship alleged (*see* doc. 1 at 1–2 (alleging that the plaintiffs and at least one defendant are located in South Carolina)). Accordingly, this Court lacks subject matter jurisdiction over the plaintiffs' claim.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **The plaintiffs' attention is directed to the important notice on the next page.**

                                                  s/Kevin F. McDonald

August 30, 2017　　　　　　　　　　Kevin F. McDonald
Greenville, South Carolina　　　　United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).